

# NUMBER 13-25-00635-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF A.R.B., A CHILD

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices West and Cron
### Memorandum Opinion by Justice West

M.G. (Mother) appeals a judgment terminating her parental rights to her child A.R.B.[1] By her sole issue, Mother argues that the trial court erred when it terminated her parental rights under Texas Family Code § 161.001(B)(1)(O) because the trial court applied the wrong version of the statute.[2] We affirm.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, parents and children are referred to by their initials. *See* TEX. FAM. CODE § 109.002(d).

[2] J.B.'s (Father) parental rights were also terminated. J.B. is not a party to this appeal.

## I.     AMENDED FAMILY CODE § 161.001(B)(1)(O)

Mother's parental rights were terminated by the trial court pursuant to Texas Family Code § 161.001(b)(1)(D), (E), and (O). *See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (O). The trial court further found that termination of her parental rights was in A.R.B.'s best interest. *See id.* § 161.001(b)(2). Mother does not contest the sufficiency of the evidence supporting the trial court's termination findings or its best interest finding. Instead, she only challenges the trial court's finding on subsection (O) and contends that the trial court improperly applied the new version of the statute. She requests this Court to "reverse and render judgment in [her] favor on termination under § 161.001(b)(1)(O)."

In 2025, the Texas Legislature amended section 161.001 and deleted the (O) termination grounds. *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 3, 4, 2025 Tex. Sess. Law Serv. 573, 574–75. The former version of subsection (O) provided that the trial court could terminate the parent-child relationship if it found, by clear and convincing evidence, that the parent failed to comply with the provisions of a court ordered family plan of service that "specifically established the actions necessary for the parent to obtain the return of the child." *See id.* The amendment repealed subsection (O) and reordered the subsequent subsections so that subsection (O) now reads as former subsection (P), which allows termination if the parent "used a controlled substance . . . in a manner that endangered the health or safety of the child, and: (i) failed to complete a court-ordered substance abuse treatment program; or (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance." *See id.*

2

Mother contends that because this case was initiated in 2023, the trial court improperly applied the new subsection (O) when it found that she used a controlled substance "in a manner that endangered the health or safety of the child, and after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance under Chapter 262 for the abuse or neglect of the child."[3] *See id.* However, the 2025 amendment applies to any parental termination case pending on or after September 1, 2025. *Id.* ("The change in law made by this Act applies to a suit affecting the parent-child relationship that is pending in a trial court on the effective date of this Act or that is filed on or after the effective date of this Act."); *see In re J.C.D.Y.*, No. 01-25-00640-CV, 2025 WL 4099753, at *9 n.5 (Tex. App.—Houston [1st Dist.] Feb. 3, 2026, no pet.) (mem. op.) (noting that the legislature amended Family Code Section 161.001(b)(1) and repealed subsection (O), and the amendment applies to suits affecting the parent-child relationship pending on or after September 1, 2025); *In re D.M.*, No. 11-25-00102-CV, 2025 WL 2980658, at *1 n.2 (Tex. App.—Eastland Oct. 23, 2025, no pet.) (mem. op.) (same); *In re W.R.I.F.*, No. 05-25-01458-CV, 2026 WL 992202, at *3 n.4 (Tex. App.—Dallas Apr. 13, 2026, no pet. h.) (mem. op.) (same).

This case was initiated in 2023 and tried on October 16 and 22, 2025. Thus, because this case was pending when the 2025 amendment took effect on September 1, 2025, the trial court was required to apply the newly amended statute. *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 3, 4, 2025 Tex. Sess. Law Serv. 573, 574–75; *In re J.C.D.Y.*, 2025 WL 4099753, at *9 n.5; *In re D.M.*, 2025 WL 2980658, at *1 n.2; *In re*

---

[3] Notably, Mother does not request that the trial court's judgment be modified to reflect a finding under former subsection (P).

*W.R.I.F.*, 2026 WL 992202, at *3 n.4. Because the trial court applied the correct version of subsection (O), we overrule Mother's sole issue.

## II.   CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Delivered and filed on the
7th day of May, 2026.